IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-cr-110-MEF |
| | ) | (WO – Do Not Publish) |
| GREGORY BARGE | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This cause comes before the Court on Defendant Gregory Barge's ("Barge") Appeal of the Magistrate Judge's Order of Detention Pending Trial.  (Doc. #40.)  Barge, a Wilcox County Sheriff's Deputy, has been charged in an eight-count indictment with, among other crimes, possession with intent to distribute 500 grams of cocaine powder in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A).  The Magistrate Judge held a detention hearing on July 8, 2013, and ordered, pursuant to 18 U.S.C. § 3142(f), that Barge be detained pending trial based on the finding that Barge was a "serious risk of flight and pose[d] a danger to the community." (Doc. #16.)  On September 3, 2013, Barge filed a Motion to Reopen Detention Hearing (Doc. #31), which the Magistrate Judge denied without a hearing, finding that the new information provided by Barge did not have a bearing on whether he could overcome the presumption that no condition or combination of conditions would reasonably assure his appearance at trial and the safety of any other person and the community. (Doc. #32.)   On October 10, Barge filed the Notice of Appeal now pending before this Court, requesting an evidentiary hearing and asking the Court overturn the

magistrate judge's detention order pursuant to 18 U.S.C. § 3145(c).

## I. BACKGROUND

Barge has served as a Wilcox County Sheriff's Deputy for 13 years.  He is charged with interference with commerce by extortion, possession with intent to distribute over 500 grams of cocaine powder, and possession of a firearm during and in relation to a drug trafficking offense.  The government alleges that Barge conspired with a confidential informant to transport what Barge believed to be two to three kilograms of powder cocaine between the Montgomery, Alabama area and Wilcox County in exchange for money on three separate occasions.  On each occasion, Barge ferried the package while on duty using his Wilcox County Sheriff's patrol car, wearing his Wilcox County Sheriff's uniform and service issued utility belt, and carrying his loaded service issued firearm.  Barge was apprehended by federal agents after delivering the package on this third trip.  Law enforcement officers found eleven firearms in Barge's trunk, one of which was a sheriff's issue assault rifle.  Upon apprehension, Barge voluntarily admitted to having participated in the conspiracy.

On July 8, 2013, at the initial pretrial detention hearing, the government insisted that Barge was both a flight risk and a danger to the community.  The high likelihood Barge would be convicted and serve a mandatory minimum sentence of sixty years, the prospect of which is more terrifying for an officer of the law than for an average drug dealer, made him particularly prone to abscond.  The government contended that Barge's role as a drug dealer, the large number of weapons recovered in the trunk of Barge's car, and his experience and training as a deputy sheriff made him a threat to the safety of his community.

In response, Barge presented evidence of his ties to the community, his good character and reputation prior to the alleged offense, and cited his cooperation when first apprehended as evidence that he would not abscond. Barge presented testimony that his mother-in-law's house was equipped with a land line to support electronic monitoring and that she agreed to act as his third-party custodian. Barge argued that any potential danger he posed to the community was mitigated by the fact that the government seized all of his weapons when he was arrested. This evidence, Barge argued, was sufficient to rebut the presumption that he was a flight risk and a danger to the community and that the government could not rely solely on the statutory presumption that he should be detained without providing concrete facts suggesting there was some element of danger or risk Barge would flee.

The Magistrate Judge found that Barge failed to rebut the presumption, largely based on Barge's training as an officer which "would be of a great deal of assistance if he did want to flee" and his specialized S.W.A.T. weapons training which made him more dangerous to the community. Furthermore, the Magistrate Judge agreed with the government that the long mandatory sentence Barge faced, the equivalent of a life sentence based on Barge's age, created a flight risk and that the potential for electronic monitoring, a third-party custodian, or any other condition or combination of conditions would not sufficiently reduce this risk.

Shortly after this ruling, Barge filed a Motion to Reopen Detention Hearing (Doc. #31) in which he presented an affidavit by Sheriff Earnest Evans of Wilcox County stating that Barge did not have specialized weapons training. He also presented evidence that his home, which had been burned down at the time of the initial hearing, was repaired, had a

land line, and was available for use for electronic monitoring.  The Magistrate Judge denied the motion without a hearing, explaining that the new information did not "have a material bearing on whether Defendant can overcome the presumption in this case" and that "the key to the court's ruling is not found in the definition of 'specialized' weapons training . . . but rather, that he has an advanced level of weapons training as a law enforcement officer, including work on an undercover task force, which makes him both a risk of flight and a danger to the community."

Defendant subsequently filed a Notice of Appeal of the Magistrate Judge's detention order on October 10, 2013, and requested an evidentiary hearing before this court. An evidentiary hearing was held on October 21, 2013.  At the hearing, Barge introduced statements, and the Court heard testimony, relating to Barge's good reputation and purported peaceful nature.  His wife also testified that the family home was fully repaired and equipped with a land line and that she was willing to pay for electronic monitoring.  She also offered to act as third-party custodian for Barge and stated that she understood the consequences of accepting this responsibility.

## II.  DISCUSSION

A district court reviews a Magistrate Judge's detention order *de novo*. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988).  The Court may conduct an evidentiary hearing if, after reviewing the defendant's motion, it "determines that additional evidence is necessary or that factual issues remain unsolved."  *Id* at 490.  Based on an independent and *de novo* review of the evidence, including arguments made and exhibits offered at both

hearings, the legal arguments made by both parties at both hearings and in briefing, and for the reasons explained below the Court finds that Barge has failed to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly,  the Court AFFIRMS the Magistrate Judge's detention order.

Under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer shall order detention of a defendant if, "after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1), f(1).  If the judge finds that there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.  18 U.S.C. § 3142(e)(3)(A).  Barge faces up to sixty years in prison for the charge of possession with intent to distribute over 500 grams of cocaine. *See* 18 U.S.C. § 841(B)(1), 846.  Based on the evidence presented at the initial detention hearing (Doc. #42), the Court finds that there is probable cause to believe that Barge committed this offense, thus triggering the rebuttable presumption under 18 U.S.C. § 3142(e).[1]

In *Quartermaine*, the Eleventh Circuit Court of Appeals explained the proper analysis of the rebuttable presumption under the Bail Reform Act:

---

[1]  Defendant's grand jury indictment (Doc. #18) is also sufficient to establish probable cause and trigger the presumption under the Bail Reform Act. *U.S. v. Quartermaine*, 913 F.2d 910 (11th Cir. 1990).

>Once the statutory presumptions are raised, the defendant carries the burden of production to come forward with evidence to rebut the presumptions. The defendant's obligation to come forward with evidence does not shift to the defendant the government's burden of persuasion. *United States v. King*, 849 F.2d [485] at 488 [(11th Cir. 1988)]. Therefore, Quartermaine had the burden to produce evidence "to suggest that he . . . [was] either not dangerous or not likely to flee if turned loose on bail. *Hurtado*, 799 F.2d at 1479. Even if this evidence is sufficient to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relative to the factors listed in section 3149(g). *United States v. King*, 849 F.2d at 488 (quoting *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (citations omitted)).

*Quartermaine*, 913 F.2d at 916. If the defendant rebuts the presumption, the government's burden of persuasion depends on whether it must show the defendant is dangerous or likely to flee. The government must prove risk of flight by a preponderance of the evidence. *See Quartermaine*, 913 F.2d at 917; *King*, 849 F.2d at 489. The government must prove dangerousness to any other person or to the community by clear and convincing evidence. *See Quartermaine*, 913 f.2d at 917; *King*, 849 F.2d at 485 n. 3.

When deciding whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court must take into consideration the following factors:

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance;
>(2) the weight of the evidence against the person;
>(3) the history and characteristics of the person, including–
>>(A)  the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>(B) whether, at the time of the current offense or arrest, the

6

> person was on probation, on parole, or on other release pending
> trial, sentencing, appeal, or completion of sentence for an
> offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the
> community that would be posed by the person's release . . .

18 U.S.C. § 3142(g).

Considering these factors, Barge has presented sufficient evidence to rebut the statutory presumption that he is likely to flee if released and the government has not shown by a preponderance of evidence that no condition or set of conditions will reasonably assure Barge's presence at trial. *See Quartermaine*, 913 F.2d at 917. Barge has not, however, presented sufficient evidence to the rebut the presumption that his release will endanger the community.

To rebut the presumption that he is a danger to the community, Barge primarily relies on evidence of his good character and reputation. Barge also argues that any means by which he could pose a danger to the community have been taken from him. Barge has been terminated by the Wilcox County Sheriff's Department. He no longer has a service weapon, a badge, or a uniform. He does not have access to the automobile issued by the department in which he was shuttling what he believed to be drugs. Barge's personal weapons were seized by the government when Barge was apprehended and remain in the government's possession. Finally, he argues that his actions upon arrest are evidence that he will not use his experience as an officer, or his connections within law enforcement, to endanger the community.

A defendant's background is only one factor listed in 3142(g) that the Court must

consider when determining whether the defendant has rebutted the presumption that there are conditions of release that will reasonably assure the safety of the community. However, when considering the remaining factors, the evidence weighs heavily against his release. *See U.S. v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985) (directing the Court to subsection 3142(g) to determine whether the defendant has successfully rebutted the presumption in 3142(e)). First, the charges against Barge involve both large quantities of narcotics and the possession of a gun during the commission of a crime, the precise types of crimes listed in 18 U.S.C. § 3142(g)(1). Second, the government's case against Barge is strong, thus making it more likely that if he stands trial he will be convicted. *See* 18 U.S.C. § 3142(g)(2). As mentioned previously, Barge admitted to his conduct after being read his Miranda rights. Additionally, the government has audio and video recordings both of Barge picking up the backpack containing the fake cocaine in the Montgomery area and of him delivering the same backpack to the confidential informant in Wilcox County.

Finally, the government has presented extensive evidence that releasing Barge before trial would pose a threat to the community. *See* 18 U.S.C. 3142(g)(4). The Court rejects Barge's argument that his danger to the community is mitigated by his termination by the Sheriff's department and the government's confiscation of his weapons collection. Despite not currently possessing the tools he previously used to allegedly commit the crime, there is little keeping Barge from reconnecting with his criminal network or acquiring new weapons. This is of acute concern considering the nature of the facts alleged. While the conspiracy as charged is only between Barge the confidential informant, the nature and circumstances of

the offense convince the Court that these drug transactions involve a larger criminal network. When apprehended, Barge had already made three trips transporting what he believed to be a total of eight kilograms of powder cocaine.  The large volume of narcotics indicates this was not Barge's first time in the drug business.  There is evidence on the record that Barge admitted to having been previously "in the game," and that he attempted to make a side deal to sell an ounce of cocaine to a third party.  Furthermore, Barge offered the confidential informant his bullet proof vest.  These facts imply that the criminal network was larger than the two individuals named in the complaint and involved other dangerous people.[2]

If released, there is nothing stopping Barge from reconnecting with his criminal enterprise and nothing stopping the members of the criminal enterprise from reconnecting with him, even against his will.[3]  Should this occur,  Barge's experience and training as a law enforcement officer, regardless of whether he has additional weapons training or has served as an undercover officer on a drug task force, makes him particularly dangerous and therefore the Court agrees with the Magistrate Judge that releasing Barge would pose a danger to the community and that no condition or combination of conditions could reasonably reduce this danger.

---

[2]  During his tenure with the Wilcox County Sheriff's Department, Barge established close ties with other law enforcement officers, including a member of the local drug task force.  There is evidence he has maintained these relationships in the wake of his indictment.  The Court is concerned that, through these relationships, Barge has unique access to law enforcement intelligence that could give him the ability to threaten or seek retribution against anyone whom he discovers may have aided law enforcement in securing his arrest.

[3]  While electronic monitoring or a third-party custodian may reasonably reduce the risk of flight, they cannot prevent Barge from re-engaging in criminal activity and therefore cannot reasonably assure the safety of the community.

### III.  CONCLUSION

The Court will not set aside the Magistrate Judge's detention order.  Barge presented insufficient evidence to rebut the presumption that no condition or combination of conditions would reasonably assure the safety of the community.  Thus, for the reasons set out above, it is hereby ORDERED that the Magistrate Judge's order detaining Barge pending trial (Doc. #16) is AFFIRMED.

DONE this the 13th day of November, 2013.


_____
                            /s/ Mark E. Fuller
                    UNITED STATES DISTRICT JUDGE